UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| IN RE APPLICATION OF RIVADA NETWORKS PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS. | Misc. Case No.  1:16-MC-00024<br><br>**EX PARTE APPLICATION OF RIVADA NETWORKS FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

1. Based upon the concurrently filed Declarations of Elizabeth Scully, Esq., and Javier M. Gallardo Guzman, and the accompanying Memorandum of Law, Petitioner, Rivada Networks ("Rivada" or "Petitioner"), respectfully asks this Court to grant the Order annexed as Exhibit C to the Declaration of Elizabeth Scully, Esq., which grants Petitioner leave, pursuant to 28 U.S.C. § 1782 and Rules 26 and 45 of the Federal Rules of Civil Procedure, to serve Mr. Brett Haan with the subpoenas annexed as Exhibits A and B to the Declaration of Elizabeth Scully, Esq. The requested relief is for the purpose of obtaining limited, but urgently necessary, discovery in connection with pending and contemplated civil and other judicial proceedings in Mexico (the "Mexican Proceedings").

2. The subpoenas seek from Mr. Haan testimony and documents which, as set forth in more detail below and in the accompanying Memorandum of Law, Petitioner will use in the Mexican Proceedings. Petitioner believes that the testimony and documents sought will play a critical role in determining whether Mexican law was violated in connection with the Mexican government's recent disqualification of Rivada's bid (and selection of a competing bid) in its recent award of a nationwide $7 billion telecommunications contract.

### *Background Information Regarding the Bidding Process*

3. Last year, Mexico's Secretariat of Communications and Transportation ("SCT"), the Mexican federal entity that administers commercial road traffic and broadcasting, issued the "Red Compartida tender," which sought bids for the construction of a nationwide LTE telecommunications network in Mexico. Two bids were submitted for the estimated $7 billion contract: one from Rivada, a U.S.-based communications and technology business, the other from a consortium of U.S., Canadian, and Mexican investors (the "Altan Consortium").

4. The bidding process was initially set to close in July of 2016, but SCT delayed the close of bidding until November, over Rivada's objection and to the Altan Consortuim's benefit. At the time, the Mexican government told Rivada that the delay came at the request of certain development banks and that the development banks would treat all bidders on equal terms. It has since come to light, however, that the development banks are equity participants in the Altan Consortium (but not in Rivada).

5. During the delay, Rivada officials sensed that they were under surveillance and took countermeasures in an attempt to ensure the integrity of their bid as well as the integrity of their people. One countermeasure was the hiring of security personnel to guard key employees. Another countermeasure – the deployment of dummy bid delivery boxes plainly marked as belonging to Rivada – proved prescient. Three weeks before the close of bidding, those boxes were hijacked at gunpoint on the streets of Mexico City, in an apparent attempt to obtain sensitive details about Rivada's bid. The boxes were empty, something the thieves only could have learned upon opening them.

6. In the final four days before the bid submission deadline, the Mexican antitrust authority barred Dish Network's participation in Rivada's consortium on very short notice. And

then, two days before the bid was due, BanaMex – which was to deliver a $55 million letter of credit on Rivada's behalf, in connection with Rivada's bid – made new and unreasonable demands on Rivada as conditions for its issuance of the required letter. This was the first time that BanaMex had raised the commercially unreasonable demands, even though BanaMex and Rivada had been working on the letter of credit for the previous month. Due to BanaMex's new demands, Rivada was forced to submit its bid without BanaMex's letter of credit, on October 20, 2016.

7.  Rivada subsequently submitted a new letter of credit ten days after submitting its bid. Under Mexican law, the late submission of the letter of credit did not affect Rivada's solvency and was not sufficient grounds for disqualification of Rivada's bid. Nevertheless, SCT took the extraordinary step of disqualifying Rivada's bid on November 4 due to the late submission.

8.  Once Rivada's bid was disqualified, SCT selected the only remaining bid – the Altan Consortium's bid – for the $7 billion Red Compartida contract. In violation of its own rules, SCT barred Rivada from attending the room where the award was announced.

9.  Subsequent to these events, Rivada learned through credible sources that the Altan Consortium was improperly given access to a confidential internal SCT business model (the "Business Model") which outlined the internal standards by which SCT was to judge the bids. In fact, the Business Model was used as a "cheat sheet" for the Altan Consortium's preparation of its bid: the bid, Rivada has learned, was identical to the Business Model in multiple, critical respects. Rivada, of course, never had access to this confidential and highly sensitive document. The misappropriation of the Business Model (and the Altan Consortium's use of the Business Model as a blueprint for its bid) constitutes a clear violation of the integrity

of the tender process as well as of Petitioner's right to a free, fair, and open competition in the Red Compartida tender.

10. Petitioner therefore has reason to believe that the award to the Altan Consortium was obtained through improper and perhaps criminal means. Together, these circumstances – the misappropriation of the Business Model, the delay in the closing of the bidding window, the barring of Dish Network, the hijacking at gunpoint in Mexico City, BanaMex's unreasonable demands, and the ultimate disqualification of Rivada's bid – strongly indicate a coordinated effort to rig the bidding process.

### *The Mexican Proceedings*

11. Petitioner has already initiated a constitutional appeal from SCT's disqualification decision in federal district court in Mexico, arguing that SCT's disqualification of Petitioner's bid was contrary to the Constitution of Mexico (the "Constitutional Appeal"). In this proceeding before the federal district court, Rivada will have the opportunity to present evidence showing improprieties in the Red Compartida process. The federal district court's decisions in the Constitutional Appeal are reviewable up through Mexico's federal judiciary, first by a federal circuit court and then by Mexico's supreme court.

12. In addition to the already pending Constitutional Appeal, Petitioner is contemplating civil and other judicial proceedings in Mexico. Through those proceedings, Rivada would seek redress for what was plainly a coordinated attempt to rig the bidding process. Those proceedings will be based upon the multiple irregularities in the Red Compartida tender process – including, importantly, the Altan Consortium's improper use of the Business Model in the preparation of its bid, which strongly suggests that there was improper collusion and that

SCT's disqualification of Rivada's bid and selection of the Altan Consortium's bid were in violation of Rivada's rights and Mexican law.

### *The Documents and Testimony Sought in Connection with the Mexican Proceedings*

13. Mr. Haan works at a strategic consultancy firm based in this District, and in that capacity he directed the preparation of the Business Model, working with Mr. Richard Keith. Mr. Haan is therefore intimately familiar with the Business Model. Petitioner anticipates that Mr. Haan will give evidence regarding Mr. Keith's access to the Business Model and its relevance to the Altan Consortium's bid.

### *Petitioner's Application Should be Granted*

14. Petitioner meets all the statutory criteria for the issuance of an order allowing the requested discovery under 28 U.S.C. § 1782. First, Mr. Haan works in (and is therefore "found" in) this District. Second, Petitioner seeks to use Mr. Haan's documents and testimony in the Mexican Proceedings – judicial proceedings falling squarely within the statutory requirement of "proceeding[s] in a foreign or international tribunal." Third, the documents and testimony that Petitioner seeks are critical to those proceedings, as they are relevant to establishing improprieties in the bidding process. Specifically, Rivada anticipates that the documents and testimony will show how the Altan Consortium improperly gained access to confidential SCT information that gave it an unfair advantage in the Red Compartida tender and that, therefore, SCT's disqualification of Rivada's bid and selection of the Altan Consortium's bid were in violation of Mexican law. And fourth, Rivada is clearly an "interested person" within the statute, based upon its current and contemplated efforts to seek redress for the injuries it has suffered because of the improprieties in the bidding process.

15. Finally, as set forth in Petitioner's Memorandum of Law filed concurrently herewith, all the discretionary factors identified by the Supreme Court likewise favor granting this *ex parte* application. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) (describing discretionary factors).

16. Accordingly, Petitioner respectfully requests that the Court grant its application for an Order (in the form annexed as Exhibit C to the Declaration of Elizabeth Scully, Esq.) granting leave to serve Brett Haan with the subpoenas annexed as Exhibits A and B to the Declaration of Elizabeth Scully, Esq.

Dated: December 5, 2016
Washington, D.C.

BAKER & HOSTETLER LLP

*/s/ Elizabeth A. Scully*
Elizabeth A. Scully, Esq. (65920)
1050 Connecticut Ave., NW, Suite 1100
Washington, D.C. 20036-5304
(202) 861-1500
(202) 861-1783 (f)
escully@bakerlaw.com

*(pro hac vice application to be submitted)*
John W. Moscow, Esq.
45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200
jmoscow@bakerlaw.com

*Attorneys for Petitioner Rivada Networks*