UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| IN RE APPLICATION OF RIVADA NETWORKS PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS. | Misc. Case No. 1:16-MC-00024 |

**MEMORANDUM OF LAW IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

John W. Moscow
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200
(212) 589-4201(f)
jmoscow@bakerlaw.com

Elizabeth Scully (65920)
Baker & Hostetler LLP
1050 Connecticut Ave., NW, Ste 1100
Washington, D.C. 20036-5304
(202) 861-1500
(202) 861-1783(f)
escully@bakerlaw.com

*Attorneys for Petitioner*

**TABLE OF CONTENTS**

I. NATURE OF THE CASE ................................................................................................... 1

II. FACTUAL BACKGROUND ............................................................................................ 2

    A.    The Red Compartida Bidding Process Violated Mexican Law. .................................. 2

    B.    Rivada Seeks Documents and Testimony for Use in the Mexican Proceedings. ........ 4

III. ARGUMENT ..................................................................................................................... 5

    A.    The Statutory Framework of 28 U.S.C. § 1782. .......................................................... 5

    B.    The Statutory Requirements Are Satisfied. ................................................................. 7

    C.    The Court Should Exercise its Discretion to Grant Petitioner the Requested Discovery Order. .......................................................................................................... 8

    D.    The Court Should Grant Petitioner's Application Ex Parte. ..................................... 10

IV. CONCLUSION ................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Application of Gorsoan Ltd. and Gazprombank OJSC for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in a Foreign Proceeding*,
No. 13 Misc. 397, 2014 WL 7232262 (S.D.N.Y. Dec. 10, 2014) ..........................................10

*In re Application of Grupo Qumma*,
2005 WL 937486 (S.D. N.Y. 2005) ...................................................................................7, 10

*In re Application of Purolite*,
3:16-mc-00056-JMC, 2016 WL 1294772 (D.S.C. April 4, 2016) ............................................6

*Chevron Corporation v. Snaider*,
78 F. Supp. 3d 1327 (D. Colo. 2015) .....................................................................................10

*In re Finserve Group Ltd.*,
4:11-mc-2044-RBH, 2011 WL 5024264 (D.S.C. Oct. 20, 2011) ....................................6, 7, 8

*In re Ex Parte Application of Porsche Automobil Holding SE for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings*,
15-mc-417 (LAK) 2016 WL 702327, at *5 (S.D.N.Y. Feb. 18, 2016) ..................................10

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004) .......................................................................................................6, 7, 8, 9

*In re Mesa Power Grp., LLC*,
No. CIV.A. 2:11-MC-280-E, 2012 WL 6060941 (D.N.J. Nov. 20, 2012) .............................10

*In re Naranjo*,
768 F.3d 332 (4th Cir. 2014) ...............................................................................................5, 6

*In re Request for Judicial Assistance From the District Court in Svitavy, Czech Republic*,
748 F. Supp. 2d 522 (E.D. Va. 2010) ...................................................................................6, 7

**Statutes**

28 U.S.C. § 1782................................................................................................................ *passim*

Petitioner Rivada[1] respectfully submits this memorandum of law in support of its *ex parte* application for an Order, pursuant to 28 U.S.C. § 1782(a), to conduct limited, but urgently necessary, discovery in this District for use in judicial proceedings in Mexico.

## I. NATURE OF THE CASE

Rivada is a U.S.-based company whose bid for a $7 billion Mexican telecommunications contract was disqualified by SCT last month under suspicious circumstances. Shortly after the disqualification, SCT selected the Altan Consortium's bid, the only remaining bid. Rivada has since learned that the Altan Consortium prepared its bid off of SCT's own confidential Business Model, and thus that the bidding process violated Mexican law.

Rivada is pursuing its legal remedies in Mexico, but it needs critical evidence – located in Alexandria, Virginia – to do so. Specifically, Mr. Brett Haan, a consultant who is intimately familiar with the Business Model, works at a consultancy firm located in Alexandria. Rivada anticipates that Mr. Haan will give evidence regarding his former associate Richard Keith's access to the Business Model and its relevance to the Altan Consortium's bid.

Rivada therefore asks this Court on an urgent basis to authorize the subpoenaing of Mr. Haan's documents and testimony so that Rivada may obtain justice in the courts of Mexico. Rivada makes this application under 28 U.S.C. § 1782, a statute specifically designed to provide, as its title indicates, "[a]ssistance to foreign and international tribunals and to litigants before such tribunals." Because § 1782's statutory requirements are amply satisfied, and because the discretionary factors set forth by the Supreme Court all support the grant of Rivada's application, Rivada respectfully requests authorization to serve the concurrently filed subpoenas on Mr. Haan.

---

[1] Terms defined in the Ex Parte Application of Rivada Networks for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proceedings are used in this memorandum of law.

## II. FACTUAL BACKGROUND

**A.     The Red Compartida Bidding Process Violated Mexican Law.**

Last year, Mexico's Secretariat of Communications and Transportation ("SCT"), the Mexican federal entity that administers commercial road traffic and broadcasting, issued the "Red Compartida tender," which sought bids for the construction of a nationwide LTE telecommunications network in Mexico. Two bids were submitted for the estimated $7 billion contract: one from Rivada, a U.S.-based communications and technology business, the other from the Altan Consortium. (Gallardo Dec. ¶ 2)[2]

The bidding process was initially set to close in July of 2016, but SCT delayed the close of bidding until November, over Rivada's objection and to the Altan Consortuim's benefit. At the time, the Mexican government told Rivada that the delay came at the request of certain development banks and that the development banks would treat all bidders on equal terms. It has since come to light, however, that the development banks are equity participants in the Altan Consortium (but not in Rivada). (Gallardo Dec. ¶ 3)

During the delay, Rivada officials sensed that they were under surveillance and took countermeasures in an attempt to ensure the integrity of their bid as well as the integrity of their people. One countermeasure was the hiring of security personnel to guard key employees. Another countermeasure – the deployment of dummy bid delivery boxes plainly marked as belonging to Rivada – proved prescient. Three weeks before the close of bidding, those boxes were hijacked at gunpoint on the streets of Mexico City, in an apparent attempt to obtain sensitive details about Rivada's bid. The boxes, however, were empty, something the thieves only could have learned upon opening them. (Gallardo Dec. ¶ 4)

---

[2] Citation to the Declaration of Javier M. Gallardo Guzman in Support of Ex Parte Application for an Order Pursuant to 28 U.S.C. ¶ 1782 to Conduct Discovery for Use in Foreign Proceedings, filed concurrently herewith, is indicated by "Gallardo Dec. ¶ __")

In the final four days before the bid submission deadline, the Mexican antitrust authority barred Dish Network's participation in Rivada's consortium on very short notice. And then, two days before the bid was due, BanaMex – which was to deliver a $55 million letter of credit on Rivada's behalf, in connection with Rivada's bid – made new and unreasonable demands on Rivada as conditions for its issuance of the required letter. This was the first time that BanaMex had raised the commercially unreasonable demands, even though BanaMex and Rivada had been working on the letter of credit for the previous month. Due to BanaMex's new demands, Rivada was forced to submit its bid without BanaMex's letter of credit, on October 20, 2016. (Gallardo Dec. ¶ 5)

Rivada subsequently submitted a new letter of credit ten days after submitting its bid. Under Mexican law, the late submission of the letter of credit did not affect Rivada's solvency and was not sufficient grounds for disqualification of Rivada's bid. Nevertheless, SCT took the extraordinary step of disqualifying Rivada's bid on November 4 due to the late submission. (Gallardo Dec. ¶ 6)

Once Rivada's bid was disqualified, SCT selected the only remaining bid – the Altan Consortium's bid – for the $7 billion Red Compartida contract. In violation of its own rules, SCT barred Rivada from attending the room where the award was announced. (Gallardo Dec. ¶ 7)

Subsequent to these events, Rivada learned through credible sources that the Altan Consortium had improperly obtained access to the confidential internal SCT Business Model which outlined the internal standards by which SCT was to judge the bids. In fact, the Business Model was used as a "cheat sheet" for the Altan Consortium's preparation of its bid: the bid, Rivada has learned, was identical to the Business Model in multiple, critical respects. Rivada, of course, never had access to this confidential and highly sensitive document. The

3

misappropriation of the Business Model (and the Altan Consortium's use of the Business Model as a blueprint for its bid) constitutes a clear violation of the integrity of the tender process as well as of Petitioner's right to a free, fair, and open competition in the Red Compartida tender. (Gallardo Dec. ¶ 8)

Petitioner therefore has reason to believe that the award to the Altan Consortium was obtained through improper and perhaps criminal means. Together, these circumstances – the misappropriation of the Business Model, the delay in the closing of the bidding window, the barring of Dish Network, the hijacking at gunpoint in Mexico City, BanaMex's unreasonable demands, and the ultimate disqualification of Rivada's bid – strongly indicate a coordinated effort to rig the bidding process. (Gallardo Dec. ¶ 9)

**B.     Rivada Seeks Documents and Testimony for Use in the Mexican Proceedings.**

An individual found in this District, Mr. Brett Haan, has evidence (and can testify to facts) that will substantiate Rivada's claims to legal relief in Mexico's federal courts. Mr. Haan works at a strategic consultancy firm based in this District, and in that capacity he directed the preparation of the Business Model, working with Mr. Richard Keith. Mr. Haan is therefore intimately familiar with the Business Model. Petitioner anticipates that Mr. Haan will give evidence regarding Mr. Keith's access to the Business Model and its relevance to the Altan Consortium's bid. (Gallardo Dec. ¶ 12)

Rivada has already initiated a constitutional appeal from SCT's disqualification decision in federal district court in Mexico, arguing that SCT's disqualification of Petitioner's bid was contrary to the Constitution of Mexico (the "Constitutional Appeal"). In this proceeding, which is pending before the federal district court, Rivada will have the opportunity to present evidence showing improprieties in the Red Compartida process. The federal district court's decisions in

the Constitutional Appeal are reviewable up through Mexico's federal judiciary, first by a federal circuit court and then by Mexico's supreme court. (Gallardo Dec. ¶ 10)

In addition to the already pending Constitutional Appeal, Petitioner is contemplating civil and other judicial proceedings in Mexico. Through those proceedings, Rivada would seek redress for what was plainly a coordinated attempt to rig the bidding process. Those proceedings will be based upon the multiple irregularities in the Red Compartida tender process – including, importantly, the Altan Consortium's improper use of the Business Model in the preparation of its bid, which strongly suggests that there was improper collusion and that SCT's disqualification of Rivada's bid and selection of the Altan Consortium's bid were in violation of Rivada's rights and Mexican law. (Gallardo Dec. ¶ 11)

Mr. Haan's documents and testimony are crucial pieces of evidence that Rivada needs if it is to obtain relief in Mexico's courts. As detailed above, Rivada was unfairly denied the opportunity to participate in a free and fair bidding process for the $7 billion telecommunications contract in Mexico, and it appears that the only competing bid was submitted on the basis of a misappropriated confidential SCT document. Mr. Haan's evidence will support Rivada's showing in Mexico's courts that the Business Model and the Altan Consortium's bid are substantially identical.

### III. ARGUMENT

A.  **The Statutory Framework of 28 U.S.C. § 1782.**

Section 1782 of Title 28 of the United States Code permits "any interested person" to file an *ex parte* petition seeking authorization to conduct discovery in the United States for use in a foreign proceeding. The § 1782 process "often occurs ex parte, … Once the application is granted and the subpoena is issued, the subpoena target can move to quash it." *In re Naranjo*, 768 F.3d 332, 339 n.4 (4th Cir. 2014). The statute, in relevant part, states:

5

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person.

28 U.S.C. § 1782. "Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).

"The statute and case law establish three threshold requirements before a court can compel discovery under this statute." *In re Finserve Group Ltd.*, 4:11-mc-2044-RBH, 2011 WL 5024264, at *1 (D.S.C. Oct. 20, 2011). Those three requirements are: "(1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or an interested person." *In re Application of Purolite*, 3:16-mc-00056-JMC, 2016 WL 1294772, at *2 (D.S.C. April 4, 2016).

When a court finds that the statutory requirements are met, it may, in its discretion, grant an application for discovery. The court's discretion is exercised "in light of the twin aims of the statute: 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means to our courts….'" *In re Request for Judicial Assistance From the District Court in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 525 (E.D. Va. 2010)

"In deciding whether to grant the application and allow a subpoena to issue under the statute, the district court considers several factors identified in *Intel Corp. v. Advanced Micro Devices., Inc.*" *In re Naranjo*, 768 F.3d 332, 339 n.4 (4th Cir. 2014). Those factors include: "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of

the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome." *In re Request for Judicial Assistance from the District Court in Svitavy, Czech Republic*, 748 F. Supp. 2d at 525.

B.   **The Statutory Requirements Are Satisfied.**

Petitioner's application satisfies the statutory requirements set forth above. First, Mr. Haan regularly transacts business in this District through the consultancy firm where he works. Petitioner's application is specifically directed toward Mr. Haan's presence in this District. Petitioner seeks testimony from Mr. Haan and records that should be held here in the ordinary course of business and that Mr. Haan should be able to easily produce in this District.

Second, the discovery sought is for use in the Mexican Proceedings, which include not only a pending proceeding in federal district court but also additional contemplated judicial proceedings in Mexico. *See, e.g., Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 259 (2004) ("[W]e hold that § 1782(a) requires only that a [proceeding] be within reasonable contemplation."); *In re Finserve Group Ltd.*, 2011 WL 5024264, at *2 ("It is not necessary for an action to be pending, only that it is 'within reasonable contemplation.'" (quoting *Intel*, 542 U.S. at 259)); *In re Application of Grupo Qumma*, No. M 8-85, 2005 WL 937486 (S.D. N.Y. 2005) (holding that the "for use" prong is satisfied if applicant will present the evidence to the Mexican court with a request that the evidence be considered). Because the Constitutional Appeal is pending before the sort of "first-instance decisionmaker" identified in *Intel* – a "proof-taking" tribunal with "authority to determine liability and impose penalties and the power to issue a dispositive ruling," and is subject to further judicial review – the second statutory factor is amply satisfied. *Intel* at 258-59.

And third, Petitioner is an "interested person" authorized to bring this application. Rivada is clearly "interested" in the outcome of the Constitutional Appeal it has lodged. *In re Finserve Group Ltd.*, 2011 WL 5024264, at *2 ("An interested person includes litigants …"). And as the prospective plaintiff in in additional civil judicial proceedings, Petitioner has the right to participate in each of those proceedings by presenting evidence. The U.S. Supreme Court has identified significant "participation rights" and the existence of "a reasonable interest in obtaining judicial assistance" as factors establishing a party as an "interested person" under the statute. *Intel Corp.*, 542 U.S. at 256. These factors are clearly satisfied here based on Rivada's current and anticipated attempts to obtain relief in Mexico's district courts. Indeed, because the Mexican Proceedings may void the award to the Altan Consortium and may reinstitute Rivada's bid for the $7 billion contract, Petitioner is clearly an "interested person" in the outcome of the Mexican Proceedings. *Id.*

Accordingly, each of the requisite statutory elements necessary to permit this Court to order discovery under 28 U.S.C. § 1782(a) is satisfied.

**C.     The Court Should Exercise its Discretion to Grant Petitioner the Requested Discovery Order.**

Once the statutory requirements of 28 U.S.C. § 1782(a) are met, a district court is free to grant discovery in its discretion. *Intel Corp.*, 542 U.S. at 263. The Supreme Court has identified a number of factors that the district courts are to consider in ruling on a § 1782 application. Those factors include: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceeding underway abroad, and the receptivity of the foreign court to federal-court assistance; (3) whether the application conceals an attempt to circumvent foreign proof gathering restrictions of a

foreign country; and (4) whether the application is unduly intrusive or burdensome. *Id.* at 264-65. Here, all of these factors weigh in favor of granting Petitioner's application.

First, where, as here, discovery is sought from a person who is not participating in the foreign proceeding, the need for court-ordered discovery is apparent. As the Supreme Court explained, "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel Corp.*, 542 U.S. at 264 (internal citations omitted). Mr. Haan is neither a participant in the Constitutional Appeal nor a potential participant in the other judicial proceedings Rivada is contemplating. This factor clearly weighs in favor of granting Rivada's petition.

Under the second factor identified by the Supreme Court, a court "may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign [court] to U.S. federal-court judicial assistance." *Intel Corp.*, 542 U.S. at 265. The judicial proceedings abroad – both the Constitutional Appeal and the civil and the other judicial remedies that Petitioner may seek – will take place in Mexico's federal district courts. Those courts are reviewed by the federal circuit courts, which in turn are reviewed by Mexico's supreme court.

There is no evidence that the discovery sought in this application would "offend" a federal district courts in Mexico. Nor is there any indication that the documents sought would be inadmissible in proceedings in those courts. Indeed, given the strong interest the Mexican courts must have against corruption in the award of major state contracts, Petitioner has reason to

9

believe that the discovery sought would be welcomed there. The second factor also weighs in favor of granting Petitioner's application.

The third factor also suggests that discovery should be granted, as this application is not an attempt to circumvent any foreign proof-gathering restrictions but, rather, is brought in order to obtain evidence in the U.S. that is critical to resolution of proceedings there. The discovery sought in this application does not, to Petitioner's knowledge, violate any restrictions under Mexican law on evidence gathering. *See In re Application of Grupo Qumma*, 2005 WL 937486, *3 (granting request for discovery in aid of proceedings in Mexico).

Finally, this application is not burdensome. The limited testimony and business documents Petitioner seeks are routinely sought and produced via § 1782 petitions. *See, e.g., Id.*; *Chevron Corporation v. Snaider*, 78 F. Supp. 3d 1327, 1341-42 (D. Colo. 2015) (granting request for documents and testimony).

**D.   The Court Should Grant Petitioner's Application Ex Parte.**

The Court should grant Petitioner's application *ex parte*. Other courts routinely do so.[3] As noted by one court, "[a]pplications pursuant to 28 U.S.C. § 1782 are frequently granted ex parte where the application is for the issuance of subpoenas and the substantial rights of the subpoenaed person are not implicated by the application." *In re Mesa Power Grp., LLC*, No. CIV.A. 2:11-MC-280-E, 2012 WL 6060941, at *4 (D.N.J. Nov. 20, 2012). Because Mr. Haan will have an opportunity to challenge the subpoenas on any available ground once it has been served, he will not be prejudiced by granting Petitioner's application *ex parte*.

---

[3] *See In re Ex Parte Application of Porsche Automobil Holding SE for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings*, 15-mc-417 (LAK) 2016 WL 702327, at *5 (S.D.N.Y. Feb. 18, 2016); *In re Application of Gorsoan Ltd. and Gazprombank OJSC for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in a Foreign Proceeding*, No. 13 Misc. 397, 2014 WL 7232262, at *5 (S.D.N.Y. Dec. 10, 2014).

The urgency with which Rivada needs the relevant documents and testimony also supports the *ex parte* grant of Rivada's application. Any delay in granting Rivada's request will prejudice Rivada's efforts in Mexico to obtain relief from SCT's improper selection of the Altan Consortium's bid. Meanwhile, delay in granting Rivada's request will not benefit Mr. Haan in any way, because, if Rivada's request is granted *ex parte*, Mr. Haan will still have every right to raise objections once he has been served with the subpoenas. Because the *ex parte* process does not endanger Mr. Haan's rights in the slightest, and because Rivada urgently needs the requested evidence to obtain justice in Mexico, Rivada respectfully requests that this Court do as other courts have done and grant leave *ex parte* to serve the subpoenas annexed as Exhibits A and B to the Declaration of Elizabeth Scully, Esq.

## IV. CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court endorse the Proposed Order annexed as Exhibit C to the Declaration of Elizabeth Scully, Esq., which grants Petitioner leave, pursuant to 28 U.S.C. § 1782, to serve the subpoenas annexed as Exhibits A and B to the Declaration of Elizabeth Scully, Esq.

Dated: December 5, 2016

BAKER & HOSTETLER LLP
*/s/ Elizabeth A. Scully*_____
Elizabeth A. Scully, Esq. (65920)
1050 Connecticut Ave., NW, Suite 1100
Washington, D.C. 20036-5304
(202) 861-1500
(202) 861-1783(f)
escully@bakerlaw.com

John W. Moscow, Esq. *(pro hac vice application to be submitted)*
45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200
jmoscow@bakerlaw.com

*Attorneys for Petitioner Rivada Networks*

11