**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| IN RE APPLICATION OF RIVADA NETWORKS PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING, <br><br> *Petitioner.* | Misc. Case No. 16-mc-00024-TSE-TCB |

**MEMORANDUM OF LAW IN SUPPORT OF RIVADA NETWORKS' MOTION TO COMPEL COMPLIANCE WITH DEPOSITION SUBPOENA**

**BAKER & HOSTETLER LLP**

Elizabeth A. Scully, Esq. (65920)
1050 Connecticut Avenue
NW, Suite 1100
Washington, D.C. 20036-5304
(202) 861-1500 (t)
(202) 861-1783 (f)
escully@bakerlaw.com

*(pro hac vice application*
*to be submitted)*
John W. Moscow, Esq.
45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200 (t)
(212) 589-4201 (f)
jmoscow@bakerlaw.com

*Attorneys for Petitioner Rivada Networks*

Petitioner Rivada Networks ("Rivada") asks this Court to enter an order compelling Mr. Brett Haan to sit for his deposition in New York scheduled for Tuesday, December 20 – a date and location specifically chosen by Mr. Haan and agreed to by Rivada. The testimony sought in that deposition is essential to Rivada's ongoing pursuit of legal remedies in the federal district court in Mexico. Rivada brings this motion because Mr. Haan this morning alerted Rivada's counsel that he would not appear at the noticed deposition.

Rivada seeks expedited resolution of this Motion because the proceedings in Mexico for which Mr. Haan's testimony is sought (the "Mexican Proceedings") are rapidly developing. Specifically, the date that the improperly awarded contract is set to be signed was very recently changed to December 31, 2016 from a previous date of March 31, 2017. If Mr. Haan's deposition is delayed, Rivada's pursuit of justice in Mexico may be irrevocably damaged. Accordingly, Rivada asks this Court to order Mr. Haan's attendance at his December 20, 2016 deposition, in the form of the proposed order attached as Exhibit A to the Declaration of Elizabeth A. Scully, Esq.

## I.  PROCEDURAL HISTORY

Rivada initiated this *ex parte* action (the "1782 Application") on December 5, 2016, seeking this Court's assistance under 28 U.S.C. § 1782, which is titled "Assistance to Foreign and International Tribunals and to Litigants Before Such Tribunals." In the 1782 Application, Rivada sought permission to serve Mr. Haan with two subpoenas (one for the production of documents, and one for the giving of testimony) seeking evidence in aid of the Mexican Proceedings. This Court granted Rivada's 1782 Application by order dated December 9, 2016, authorizing Rivada to serve Mr. Haan with the deposition and document subpoenas submitted in connection with the 1782 Application. After discussion with Mr. Haan's counsel as to the date

and location of the deposition, Rivada served Mr. Haan with the subpoenas on Wednesday, December 14. Those subpoenas specified Tuesday, December 20, as the date of the deposition, pursuant to Mr. Haan's counsel's request that the deposition occur on that date.

## II. FACTUAL BACKGROUND

### A. *The Bidding Process and Mr. Haan's Knowledge of It.*

Rivada is a U.S.-based telecommunications company whose bid for a $7 billion Mexican telecommunications contract from the Mexican government was disqualified in November under highly suspicious circumstances.[1] Because of that disqualification, the Mexican telecommunication authority in charge of awarding the contract selected the only remaining bid, which was submitted by the Altan Consortium.

The bidding process was rife with irregularities, as set forth in Rivada's 1782 Application. Most glaring among them, however, was the substantial overlap between the content of the Altan Consortium bid and the Business Model – the internal document that the Mexican authority used to judge that bid. The overlap was so substantial as to demonstrate that the Business Model served as the template for the Altan Consortium bid, and therefore that the Altan Consortium was in possession of the Business Model as it prepared its bid. If this is the case, then the selection of the Altan Consortium bid is patently improper and subject to invalidation – which is precisely the remedy that Rivada seeks in the Mexican Proceedings.

Rivada sought Mr. Haan's testimony because Mr. Haan, while working as a Principal at a U.S.-based consultancy firm, directed that firm's preparation of the Business Model. In addition, Mr. Haan is familiar with the work of another consultant, Richard Keith, in connection with both the Business Model and the winning Altan Consortium bid. As such, Rivada anticipates that Mr.

---

[1] Unless stated otherwise, the facts recited herein are drawn from the Declaration of Javier M. Gallardo Guzman, *see* ECF No. 4. Mr. Gallardo's declaration contains a more fulsome account of the Mexican Proceedings and the bidding process in Mexico than is set forth in this Motion.

Haan's testimony will help to establish the overlap between the Business Model and the Altan Consortium bid – and thus that the bid was based on the Business Model, and that the award to the Altan Consortium is therefore improper.

### B. The Subpoenas and the Present Dispute.

Following this Court's December 9 order authorizing the issuance of the document and deposition subpoenas, Rivada reached out to Mr. Haan's counsel to schedule the deposition. On December 12, Mr. Haan's counsel suggested that "we target the morning of 12/20 for the deposition" and stated that the deposition could take place in either New York or the District of Columbia. Pursuant to Mr. Haan's request, therefore, Rivada noticed the deposition for 9:30 a.m. on Tuesday, December 20. Rivada served the subpoenas on Mr. Haan's counsel (by agreement) on Wednesday, December 14, 2016. *See* Scully Dec. Ex's B, C.

This morning, however, Rivada received from Mr. Haan's counsel a list of twenty-one boilerplate "objections to the subpoenas." Scully Dec. Ex. D. Those objections include an objection to the service of the subpoena (notwithstanding counsel's agreement to accept service) as well as multiple objections to the supposedly burdensome scope of Rivada's document requests (of which there are *four*, and which in substance seek a grand total of *two* documents). Moreover, the letter explicitly states that, "In making the above objections, Mr. Haan is not suggesting or implying in any way that he has information or documents responsive to any particular requests and reserves all rights." When counsel for Rivada called Mr. Haan's counsel regarding the letter, Mr. Haan's counsel indicated that Mr. Haan would not appear at the noticed deposition, on the grounds articulated in the letter.

## III.  ARGUMENT

### A.    *Mr. Haan Does Not Raise Any Valid Objection to the Taking of His Deposition.*

Mr. Haan has not articulated any justification for refusing to appear at his properly noticed deposition. Instead, he has lodged multiple improper general objections to Rivada's extremely limited document requests. *See* Fed. R. Civ. P. 34(b)(2)(B) (recently-amended rule requiring, as the Advisory Committee Notes indicate, that objections "be stated with specificity.").[2] Mr. Haan's multiple objections to Rivada's document requests have nothing to do with his obligation to appear for the noticed deposition and do not excuse his prospective refusal to comply with the subpoena.

Only two[3] of Mr. Haan's objections relate to the deposition subpoena, but those objections relate to the scope Mr. Haan's testimony, not to whether Mr. Haan should testify in the first instance. Because Mr. Haan has not objected to Rivada's taking of his deposition in the first instance, that deposition should proceed as noticed.

Mr. Haan's two deposition-related objections are as follows:

> 16.    Mr. Haan objects to the subpoenas to the extent that they purport to require the Mr. Haan to produce documents or testimony related to individuals, entities and/or clients that are not at issue in the Action and/or are not parties to the Action, documents or testimony related to work unrelated to the subject matter of the Action or documents relating to other actions.

> 20    The subpoenas request confidential information of Deloitte Consulting or its clients. Absent entry of a confidentiality or protective order sufficiently protecting the confidentiality of such information, no documents or testimony will be produced.

---

[2]    Mr. Haan's refusal to indicate whether responsive documents were being withheld is a blatant violation of Federal Rule of Civil Procedure 34(b)(2)(C), which requires Mr. Haan to "state whether any responsive materials are being withheld on the basis of that objection."

[3]    Objection 17 purports to object to service, though that objection is moot given Mr. Haan's counsel's acceptance of service on Mr. Haan's behalf, *see* Scully Dec. Ex. B.

The "Action" Mr. Haan refers to in Objection 16 is the 1782 Action. The "subject matter" of to the 1782 Action is the bidding process in Mexico and the preparation and use of both the Business Model and the Altan Consortium bid, matters about which Mr. Haan appears to possess relevant knowledge. Rivada is not seeking testimony from Mr. Haan beyond those matters, and Mr. Haan has no reason to think otherwise. And regardless, to the extent that Mr. Haan feels that Rivada is seeking testimony beyond those matters (which is highly unlikely), his counsel may so object on the record at Mr. Haan's deposition. Mr. Haan's unfounded apprehension about the scope of Rivada's questions is no basis on which to delay a properly noticed deposition.

Turning to Objection 20, that objection raises a privately agreed to confidentiality agreement as a bar to testifying under oath pursuant to a properly issued subpoena. Mr. Haan's counsel advised counsel for Rivada that Mr. Haan's confidentiality agreement precluded his testimony because that agreement did not contain an exception for subpoenaed testimony. A non-disclosure agreement, however, is no defense to a properly issued deposition subpoena, nor is it a defense to an order from this Court that Mr. Haan appear at the deposition scheduled at his request. As with Objection 16, Objection 20 is not a challenge to the propriety of the deposition itself, but rather to certain questions that may be asked in that deposition. The solution is not to delay the deposition but instead to permit Mr. Haan's counsel to make his objections on the record at the deposition.

### B. Mr. Haan's Deposition is Urgently Needed to Assist in the Mexican Proceedings.

Any delay in Mr. Haan's deposition will irrevocably damage Rivada's prospects for obtaining the relief it seeks in Mexico. SCT, the authority that selected the Altan Consortium bid, has inexplicably moved forward the date on which it will formally enter into contract with the winning bidder. Previously scheduled for March 31, 2017, that date has now moved up to

December 31, 2016. Once this happens, it will be that much harder for Rivada to undo the consequences of what increasingly appears to be a rigged bidding process for the $7 billion contract.

### IV.    CONCLUSION

Because Mr. Haan has not raised any objection to the taking of his properly noticed deposition and instead has merely objected to the scope of questions that may or may not be posed at that deposition, Mr. Haan's prospective refusal to testify at that deposition is improper. Accordingly, Rivada asks this Court to enter an order compelling Mr. Haan to appear at that deposition,[4] at which Mr. Haan's counsel will be free to object as he sees fit.

Dated:  December 16, 2016
        Washington, D.C.

BAKER & HOSTETLER LLP

*/s/ Elizabeth A. Scully*
Elizabeth A. Scully, Esq. (65920)
1050 Connecticut Ave., NW, Suite 1100
Washington, D.C. 20036-5304
(202) 861-1500
(202) 861-1783 (f)
escully@bakerlaw.com

*(pro hac vice application to be submitted)*
John W. Moscow, Esq.
45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200
jmoscow@bakerlaw.com

*Attorneys for Petitioner Rivada Networks*

---

[4]    Although Mr. Haan agreed to appear in New York for deposition, if the Court is concerned that its jurisdiction will not extend to ordering deposition in New York, then Petitioner asks in the alternative that the Court order that the deposition proceed on the noticed date at Baker Hostetler's office at 1050 Connecticut Ave NW # 1100, Washington, DC 20036.

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2016, a true copy of the foregoing Memorandum of Law in Support of Motion to Compel Compliance with Subpoena was filed with the Clerk of the Court through its ECF system and served via FedEx and email upon the following:

Thomas C. Sheehan
Associate General Counsel
Deloitte LLP
100 South 4th Street, Ste. 300
St. Louis, MO 63102
tsheehan@deloitte.com

*Attorney for Mr. Brett Haan*

/s/ Elizabeth A Scully
Elizabeth A. Scully, Esq. (65920)
1050 Connecticut Ave., NW, Suite 1100
Washington, D.C. 20036-5304
(202) 861-1500
(202) 861-1783 (f)
escully@bakerlaw.com